**GENERAL DRIVERS, WAREHOUSEMEN AND HELPERS, LOCAL UNION NO. 89, Plaintiff-Appellant,**

v.

**AMERICAN RADIATOR & STANDARD SANITARY CORPORATION, Defendant-Appellee.**

**No. 14709.**

United States Court of Appeals Sixth Circuit.

Nov. 8, 1962.

Ralph H. Logan, Louisville, Ky., Hardy, Logan & Tross, Louisville, Ky., on brief, for appellant.

J. Mack Swigert, Cincinnati, Ohio, S. L. Greenebaum, Louisville, Ky., of counsel, for appellee.

Before CECIL, Chief Judge, McALLISTER, Circuit Judge, and LEVIN, District Judge.

PER CURIAM.

This is an appeal from an order granting summary judgment for the defendant in a suit brought to compel arbitration under section 301 of the National Labor Relations Act, 29 U.S.C. § 185. The sole question is whether the contracts entered into between the plaintiff union and the defendant employer required the employer to arbitrate the change from an incentive pay system to a straight hourly pay system for the plaintiff's members.

The parties agree that the case is controlled by United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409. The plaintiff relies particularly on the

following expression found on page 582, on page 1353 of 80 S.Ct.:

"An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."

The court also said on page 584, on page 1354 of 80 S.Ct.: "A specific collective bargaining agreement may exclude contracting out from the grievance procedure."

The Master Agreement between the parties contained both an arbitration provision and a no-strike clause. However, paragraph 3–c of the applicable Wage Plan Agreement, entered into subsequently, says in part:

"The Company may cancel any production standard or incentive application when new or changed conditions such as those referred to make it impracticable, *in the Company's judgment*, to accurately measure the operation for incentive application. Thereafter, the hourly base rate for the job class to which the job is assigned shall apply." [Emphasis added.]

Paragraph 4 of the Wage Plan Agreement, which provides that the grievance and arbitration procedures set out in the Master Agreement, shall be utilized only:

"(a) At any time after the initial agreement on the hourly base rate scale referred to in Paragraph 2–e, the accuracy of descriptions and the accuracy of the application of the evaluation factors described in the Job Evaluation Manual to new or changed jobs other than bench-mark jobs; and

"(b) The accuracy of the application of sound and accepted work measurement techniques to the development of production standards by the Company."

The language of paragraph 3–c clearly states that the employer's judgment is controlling as to whether an incentive system should be in effect, and paragraph 4 does not include the dispute in question among the matters which are arbitrable. Therefore, this court holds that under the Agreement, the employer was not obligated to submit to arbitration.

Judgment affirmed.